

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2008

# USA v. Long

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3549

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Long" (2008). *2008 Decisions.* Paper 1132.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1132

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-3549

UNITED STATES OF AMERICA

v.

RODERICK LONG,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 04-CR-159
District Judge: The Honorable Gustave Diamond

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 20, 2008

Before: SMITH, and NYGAARD, *Circuit Judges*,
and STAFFORD, *District Judge**

(Filed: May 28, 2008)

_____

OPINION

_____

SMITH, *Circuit Judge*.

      Roderick Long, pursuant to the terms of a plea agreement containing a waiver of

---

      *The Honorable William H. Stafford, Jr., Senior United States District Judge for the
Northern District of Florida, sitting by designation.

his right to appeal his conviction or sentence, pleaded guilty to count two of a four-count superceding indictment on March 8, 2006. Count two charged Long with violating 18 U.S.C. § 2252(a)(2) by knowingly receiving by computer visual depictions of a minor engaging in sexually explicit conduct. The District Court for the Western District of Pennsylvania sentenced Long to 121 months of imprisonment. In addition, the District Court imposed a term of supervised release, for life, with conditions, *inter alia*, that limited Long's access to computers and to certain materials depicting or describing sexually explicit conduct as defined in 18 U.S.C. § 2256(2). This timely appeal followed.[1]

Long's appeal raises two issues: (1) whether, pursuant to an explicit reservation in his plea agreement, the District Court correctly calculated the offense level used in computing his sentencing guideline range; and (2) whether the District Court erred by imposing as conditions of his period of supervised release the limitations of his computer use and his access to materials depicting or describing sexually explicit conduct. The government contends that Long's appellate waiver bars our review of the terms of supervised release imposed by the District Court. We agree.

In *United States v. Khattak*, 273 F.3d 557 (3d Cir. 2001), we held that "waivers of appeals, if entered into knowingly and voluntarily, are valid." *Id.* at 562. Long does not

---

[1]The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. Appellate jurisdiction exists under 28 U.S.C. § 1291, and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

contend that his waiver was unenforceable because it was either unknowing or involuntary.[2] Instead, Long argues that the conditions of his supervised release may be considered on appeal because the appellate waiver, which must be strictly construed under *Khattak*, pertained to only the length of his confinement and the period of supervised release. In addition, he asserts that conditions at issue here were excepted from the appellate waiver because they do not appear among the mandatory and discretionary conditions set forth in 18 U.S.C. § 3583(d).

In interpreting the scope of the appellate waiver, we are mindful that 18 U.S.C. § 3583(a) provides that "[t]he court, in imposing a sentence to a term of imprisonment for a felony . . . may include as a *part* of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." *Id.* (emphasis added). Subsection (c) of this statutory provision specifies certain mandatory and discretionary conditions of supervised release that a defendant must comply with during any such term of supervision. 18 U.S.C. § 3583(d). This subsection further provides that "[t]he court

---

[2]We note that Long might have argued that his appellate waiver was unenforceable as the District Court did not fully comply with the directive in Federal Rule of Criminal Procedure 11(b)(N), which requires a district court to "inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal." Long waived any such argument, however. *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (observing that "an issue is waived unless a party raises it in its opening brief"); *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) (observing that "where an issue is raised for the first time in a reply brief, we deem it insufficiently preserved for review before this court"). For that reason, we find the appellate waiver is enforceable and we will not review Long's challenge to the conditions of supervised release unless the waiver fails to encompass this claim.

may order, as a further condition of supervised release . . . any other condition it considers to be appropriate." *Id.* Thus, the duration and the conditions of supervised release are components of a sentence. By waiving his right to take a direct appeal of his sentence, Long waived his right to challenge the conditions of his supervised release, which were part of that sentence.

The appellate waiver, however, does not bar our review of whether the District Court erred in calculating his offense level inasmuch as the plea agreement explicitly reserved that issue for appeal. Long contends that the District Court erred by concluding that U.S.S.G. § 2G2.2(c)'s cross-reference applied. The cross-reference comes into play "[i]f the offense involved causing, transporting, permitting or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct . . . ." U.S.S.G. § 2G2.2(c). According to Long, the cross-reference had no bearing on his offense level because his instant messages neither caused the production of child pornography nor constituted a "notice."

We find no error in the District Court's application of U.S.S.G. § 2G2.2(c)'s cross-reference. The plain text of the guideline demonstrates that Long did not have to cause the production of child pornography. Rather, the cross-reference applies to a broad range of conduct, including "seeking by notice," and this record establishes that Long's instant messages requested "pics" of the minor. *See* U.S.S.G. § 2G2.2(c), and application note 5. We agree with the Tenth Circuit's analysis in *United States v. Garcia*, 411 F.3d 1173

(10th Cir. 2005), which rejected a narrow interpretation of the cross-reference. The *Garcia* Court explained that the "conduct the guideline seeks to punish is not only the actual production of child pornography, but the active solicitation for the production of such images." *Id.* at 1179.

Long's argument that his instant messages did not qualify as "notice" under the cross-reference also lacks merit. As Long concedes, we rejected a similar argument in *United States v. Harrison*, 357 F.3d 314 (3d Cir. 2004). There, we concluded that the term "notice" encompassed "the communication of information to another party" and that Harrison's e-mail constituted a notice for purposes of a related provision in guideline § 2G2.2. Because Long's instant messages requested "pics" of the minor and conveyed information to another party, we conclude that these instant messages also constituted "notice" under § 2G2.2(c)'s cross-reference.

We will affirm the judgment of the District Court.